IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


RUFUS FORDYCE PIKE,
JOHN KENT PIKE, JR.
and DANIEL EDWARD PIKE,

          Plaintiffs,

v.                                    Criminal Action No. 5:19CV276
                                                          (STAMP)
ANTERO RESOURCES CORPORATION,

          Defendant.


MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANT ANTERO RESOURCES CORPORATION'S
MOTION TO DISMISS FOR LACK OF JURISDICTION

I.   Background

The plaintiffs in this civil action, Rufus Fordyce Pike ("Rufus"), John Kent Pike, Jr. ("John"), and Daniel Edward Pike ("Daniel"), filed a complaint against defendant Antero Resources Corporation ("Antero") in this Court on September 24, 2019. ECF No. 1. According to the plaintiffs' original complaint, plaintiff Rufus is a resident and citizen of Minnesota, plaintiff John is a resident and citizen of Wyoming, and plaintiff Daniel is a resident and citizen of Colorado. ECF No. 1 at 1. The plaintiffs stated that defendant Antero is a Delaware corporation with its principal place of business in Colorado, and is registered with the Office of the West Virginia Secretary of State as a foreign corporation. Id. at 1-2. On October 8, 2019, the plaintiffs filed an amended complaint in which the plaintiffs assert that defendant Antero is

a Delaware corporation, with its principal place of business in West Virginia.  ECF No. 15 at 1-2.

On September 25, 2019, defendant Antero filed a motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).  ECF No. 8.  In its memorandum in support of the motion, defendant Antero indicates that the plaintiffs fail to establish subject matter jurisdiction as one of the plaintiffs, specifically plaintiff Daniel, and defendant Antero share Colorado citizenship.  ECF No. 8-1 at 2.

The plaintiffs then filed a response in opposition to defendant Antero's motion to dismiss.  ECF No. 16.  In their response, the plaintiffs state that defendant Antero is incorporated in Delaware and that its principal place of business is West Virginia.  Id. at 4-9.  Specifically, the plaintiffs state that defendant Antero's corporate officers direct, control, and coordinate the corporation's Appalachian oil and gas exploration, development, production, and sale activities in West Virginia.  Id. at 9-10.  The plaintiffs assert that without these Appalachian activities, defendant Antero would cease to exist.  Id. at 10.  The plaintiffs also state that defendant Antero has a $10 million edifice in West Virginia, the defendant's website indicates that it owns 486,000 net acres in northern West Virginia, and the defendant produces 150,000 barrels of natural gas liquids and 12,000 barrels of oil everyday.  Id. at 11.  The plaintiffs indicate that

2

defendant Antero handles land management, business development, reserves, planning, midstream operations, liquids marketing and transportation, gas marketing and transportation, human resources, general administrative geology, information technology, health, safety, environmental concerns, operational, administrative, organizational and strategic legal matters, and accounting and production in West Virginia. Id. at 12. The plaintiffs refer to defendant Antero's annual Form 10-K with the United States Securities and Exchange Commission, which indicates that the defendant's primary business activity pertains to properties located in the Appalachian Basin. Id. Moreover, the plaintiffs state that: (1) defendant Antero's physical address is in West Virginia and its mailing address is in Colorado; (2) a leasing company marketed buildings in West Virginia as the defendant's corporate headquarters; and (3) the defendant owns a 31% interest in Antero Midstream which is operated and controlled in West Virginia. Id. at 13.

Defendant Antero then filed a reply. ECF No. 17. In its reply, defendant Antero maintains that its principal place of business is in Colorado. Id. at 2. Defendant Antero states that the plaintiffs only include as part of their response in opposition to the defendant's motion to dismiss a reference to an online version of the defendant's 10-K Annual Report for the fiscal year that ended December 31, 2018 to discuss the defendant's functions,

assets, and revenues, but do not refer to the 10-K for evidentiary support that undermines this Court's previous finding in <u>Bison Resources Corp. v. Antero Resources Corp.</u>, 1:16CV107, 2016 WL 4538608 (N.D. W. Va. Aug. 30, 2016), that the defendant's "nerve center" for jurisdictional purposes is in Colorado. <u>Id.</u> at 7. Defendant Antero then proceeds to provide various reasons why its principal place of business is in Colorado and not West Virginia. <u>Id.</u> at 7-12. Defendant Antero attached to its reply the affidavit by Alvyn A. Schopp, the Regional Senior Vice President and Chief Administrative Officer for the defendant, and other materials to support its contention that its principal place of business is in Colorado.

The same day that defendant Antero filed a reply to the plaintiffs' response in opposition to the defendant's motion to dismiss, it filed a motion to stay the proceedings pending resolution of the motion to dismiss. ECF No. 18. The plaintiffs then filed a response (ECF No. 19) and defendant Antero filed a reply (ECF No. 20). After consideration of defendant Antero's motion to stay, the plaintiffs' response, and the defendant's reply, this Court entered an order staying the proceedings in this civil action pending resolution of defendant Antero's motion to dismiss (ECF No. 8). This Court now lifts that stay for purposes of deciding defendant Antero's motion to dismiss.

## II.  Applicable Law

A predicate question a federal court should answer before assessing the substantive allegations in a complaint is whether a plaintiff has alleged sufficient jurisdictional facts to actuate subject matter jurisdiction.  See Ruhrgas Ag. v. Marathon Oil Co., 526 U.S. 574, 583 (1999) ("Article III generally requires a federal court to satisfy itself of its jurisdiction over the subject matter before it considers the merits of a case.").  The federal district courts are courts of limited jurisdiction, and may only hear cases over which they have been granted jurisdiction either by statute or by the Constitution.  District courts have original jurisdiction in all civil actions when a matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states.  28 U.S.C. § 1332.

Once subject matter jurisdiction has been challenged, it is a plaintiff's "burden of proving that subject matter jurisdiction exists."  Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999).  The party seeking the federal forum has the burden of supporting its allegations with competent proof.  Thomson v. Gaskill, 315 U.S. 442 (1942).  Proof that the parties are citizens of different states must be shown by a preponderance of the evidence.  Sheehan v. Gustafson, 967 F.2d 1214, 1215 (8th Cir. 1992).

Further, because subject matter jurisdiction cannot be waived by a court or by the partie, and, if lacking, renders a district court wholly unable to rule on any matter in controversy, in resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court "may refer to evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, F & P.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991); see also Adler v. Federal Republic of Nigeria, 107 F.3d 720 (9th Cir. 1997).

When considering a motion to dismiss for lack of subject matter jurisdiction, a court must make all reasonable factual inferences in favor of the party seeking the federal forum. See Johnson v. Mueller, 415 F.2d 354, 355 (4th Cir. 1969); MacKethan v. Peat, Marwick, Mitchell & Co., 439 F. Supp. 1090, 1094 (E.D. Va. 1977). Ultimately, a court must dismiss a case if it finds that it "lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000).

### III.  Discussion

Defendant Antero asserts that this action must be dismissed for lack of subject matter jurisdiction because plaintiff Daniel and defendant Antero share Colorado citizenship.  The plaintiffs maintain that defendant Antero's principal place of business is not Colorado, but West Virginia.  Therefore, the plaintiffs assert that there is complete diversity of citizenship among the parties.

Under Title 28, United States Code, Section 1332(c)(1), "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . ." 28 U.S.C. § 1332(c)(1).

Here, this Court finds that the plaintiffs have failed to meet their burden of proving diversity of citizenship. Once defendant Antero raised a jurisdictional challenge on the basis of the lack of complete diversity among the parties, the plaintiffs became obligated to present sufficient evidence in support of their assertion that this Court has subject matter jurisdiction over this civil action. The plaintiffs attempted to do so by referring to defendant Antero's website, annual Form 10-K with the United States Securities and Exchange Commission, and marketing language with respect to certain West Virginia buildings, among other things. However, this Court finds that defendant Antero has presented sufficient evidence to rebut the plaintiffs' contention that defendant Antero's principal place of business is in West Virginia. Specifically, defendant Antero provided evidence pertaining to: (1) square footage of office space; (2) number of employees; (3) location of its senior management team; (4) residency of its Board of Directors; (5) location of its books and records; (6) nature of the Colorado employees' work; (7) the West Virginia Secretary of State's identification of Colorado as the defendant's principal

place of business; (8) the defendant's website which identifies its corporate headquarters as Colorado; and (9) the defendant's 10-K Annual Report which lists the address of principal executive offices and corporate headquarters as Colorado.  Significantly, defendant Antero attached to its reply the affidavit by Alvyn A. Schopp, the Regional Senior Vice President and Chief Administrative Officer for the defendant, and various exhibits to contradict the contentions made by the plaintiffs in their response in opposition to the defendant's motion to dismiss.

In light of the requirement that when diversity of citizenship is challenged, the plaintiffs must provide competent proof by a preponderance of the evidence, this Court finds that the plaintiffs have not met their burden.  Here, making all factual inferences in favor of the plaintiffs, as the non-moving party, this Court cannot conclude that the plaintiffs have provided competent proof by a preponderance of the evidence that defendant Antero's principal place of business is in West Virginia, and not Colorado.  The plaintiffs have failed to show that diversity of citizenship exists between them and defendant Antero.  Accordingly, this Court lacks subject matter jurisdiction and must, therefore, grant defendant Antero's motion to dismiss.

## IV.  Conclusion

For the reasons set forth above, defendant Antero's motion to dismiss for lack of subject matter jurisdiction (ECF No. 8) is

GRANTED. Accordingly, the plaintiffs' motion for preliminary injunction (ECF No. 3) is DENIED WITHOUT PREJUDICE subject to refiling in a court of competent jurisdiction.

It is further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: November 7, 2019

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE